NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 3 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRENT NICHOLSON, an individual, | No. 19-35753 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-01121-RSL |
| and | |
| NMP CONCORD II LLC, a Washington Limited Liability Company; et al., | MEMORANDUM* |
| Plaintiffs, | |
| v. | |
| THRIFTY PAYLESS, INC., a California corporation; RITE AID CORPORATION, a Delaware corporation, | |
| Defendants-Appellees, | |
| and | |
| NO ONE TO BLAINE, LLC, a Washington limited liability company, | |
| Counter-defendant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

_____

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted September 1, 2020[]
Seattle, Washington

Before:  McKEOWN and VANDYKE, Circuit Judges, and KENDALL,[***] District Judge.

Brent Nicholson appeals the district court's second order on remand, holding that the money deposited in the escrow account in lieu of a supersedeas bond serves as security for the entirety of the judgment and award in this case.  The parties are familiar with the facts, so we do not repeat them here.  We affirm.

Nicholson's preferred interpretation that the Escrow Deposit Agreement secures only his personal liability is not supported by the objective manifestations of the parties' intent at the time the contract was formed.  *See Int'l Marine Underwriters v. ABCD Marine, LLC*, 179 Wash. 2d 274, 282 (2013).  The Escrow Deposit Agreement's stated purpose—"to maintain funds awarded to [the defendants] in a judgment and attorney fee award entered" in this case—does not limit the use of the deposited fund to Nicholson's personal liability.  Admissible extrinsic evidence also contradicts Nicholson's preferred interpretation.  *See Berg v. Hudesman*, 115 Wash. 2d 657, 667 (1990).  For example, the Amended Lease—

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Virginia M. Kendall, United States District Judge for the Northern District of Illinois, sitting by designation.

which contains a provision describing the purpose of the escrow account—shows that the parties agreed to use the escrow fund "as security for payment of Tenant's Claim," which includes "a judgment and an award for attorneys' fees" in this case not only "against . . . Brent Nicholson," but also "other Plaintiffs."

Nicholson's other proffered extrinsic evidence is inadmissible for determining the intent of the contracting parties. *See Hollis v. Garwall, Inc.*, 137 Wash. 2d 683, 695 (1999) ("admissible extrinsic evidence does *not* include[] [e]vidence of a party's unilateral or subjective intent as to the meaning of a contract word or term" or "[e]vidence that would vary, contradict, or modify the written word"). Therefore, the district court properly interpreted the Escrow Deposit Agreement based on "the actual language of the agreement," and also "the contract as a whole, the subject matter and objective of the contract, all the circumstances surrounding the making of the contract, the subsequent acts and conduct of the parties to the contract, and the reasonableness of respective interpretations advocated by the parties." *Tanner Elec. Co-op. v. Puget Sound Power & Light Co.*, 128 Wash. 2d 656, 674 (1996) (internal quotation marks and citation omitted).

**AFFIRMED.**